**SAUL EWING ARNSTEIN & LEHR LLP**
Stephen B. Ravin
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102-5426
Phone: (973) 286-6714
Fax: (973) 286-6800
stephen.ravin@saul.com

A. Mayer Kohn
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Telephone: (215) 972-7777
mayer.kohn@saul.com

*Counsel to State Court Appointed Receiver Howard Goodman*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: CHEFS FOR HUMANITY, <br><br> Debtor | Chapter 11 <br> Case No. 22-40800-JMM <br> Hearing Date: June 1, 2022 |
| In re: CORLICH ENTERPRISES, <br><br> Debtor | Chapter 11 <br> Case No. 22-40801-JMM <br> Hearing Date: June 1, 2022 |
| In re: CATHERINE CORA, <br><br> Debtor. | Chapter 11 <br> Case No. 22-40802-JMM <br> Hearing Date: June 1, 2022 |

**STATE COURT APPOINTED RECEIVER HOWARD
GOODMAN'S REPLY TO DEBTORS' JOINT OBJECTION[1]**

State Court Appointed Receiver Howard Goodman (the "**Receiver**"), by and through undersigned counsel, hereby files this Reply (the "**Reply**") to the Objections (collectively, the "**Objection**") filed by

---

[1] All of the defined terms used herein have the save meaning articulated in the Receiver's underlying Motion.

1

Debtors Chefs for Humanity, Corlich Enterprises, and Catherine Cora (collectively, the "**Debtors**") to the Receiver's Motion for a Comfort Order (the "**Motion**").

## PRELIMINARY STATEMENT

The instant Objection is no more than Catherine Cora's most recent effort to obstruct enforcement of a state court domestic support obligation and to further frustrate what has become a never-ending divorce proceeding. Instead of objecting to the merits of the Receiver's request for a comfort order (an order to which he is plainly entitled under the Bankruptcy Code), the Debtors unilaterally reframe the Receiver's motion as one for turnover under Section 543. The Debtors then curiously try to knock down that strawman by claiming that the Receiver has failed to meet his burden thereunder. The Debtors then pile on spurious and internally inconsistent arguments to conclude that the Receiver is not entitled to relief. This dance must end. The Debtors' efforts to use this Court and the Bankruptcy Code to collaterally attack a valid and final state court domestic support obligation (a judgment that has been affirmed on appeal no less) is no more than an abuse of the bankruptcy process. Resolution of the parties' rights and obligations under their marital dissolution action should be left to the California State Court. Accordingly, and consistent with Sections 105(a), 541, 362(b)(2)(A)(ii), 362(b)(2)(A)(iv), 362(b)(2)(B), and 362(b)(2)(C) of the Bankruptcy Code, the Court should grant the Receiver's request for a comfort order.

## ARGUMENT

Sections 362(b)(2)(A)(ii) and (iv) and 362(b)(2)(B) provide that the filing of a voluntary petition for relief under the Bankruptcy Code does not operate as a stay of any proceedings related to a domestic support obligation or to collection of such domestic support obligation provided such proceeding or collection does not implicate property of a debtor's estate. Alternatively, Section 362(b)(2)(C) provides that proceedings related to or collection of domestic support obligations are not subject to the automatic stay even if such property is from property of a debtor's estate if such amounts are owed pursuant to a judicial order.

In this case, Catherine Cora disregarded court orders obligating her to make domestic support payments to Jennifer Cora. As such, the California State Court appointed the Receiver and assigned to

Jennifer Cora the right to receive earnings and payments from any of the business entities with which Catherine Cora was affiliated, including Debtor Corlich Enterprise, finding that Catherine Cora was using those entities as alter egos. These orders were affirmed by the California State Appellate Court. After realizing that Catherine Cora would no longer be able to obfuscate the state court proceedings in state court, the Debtors filed the instant bankruptcy petitions. What the Debtors failed to consider, however, was that domestic support obligations pursuant to a court order are not subject to the automatic stay and that such amounts remain payable. For that reason, the Receiver is entitled to a comfort order confirming that the automatic stay in the above-captioned cases does not preclude the California State Court from continuing the marital dissolution action of Debtor Catherine Cora and non-debtor Jennifer Cora and does not preclude the Receiver from collecting and/or distributing such property in satisfaction of Catherine Cora's domestic support obligation.

Throughout their Objection, the Debtors raise several false and/or inconsistent positions that must be addressed:

First, the Debtors try to reframe the Receiver's Motion as one under Section 543 and conclude that the Receiver has failed to carry his burden thereunder—a plainly tautological conclusion. The Receiver did not discuss the merits of a Section 543 analysis in his Motion because the Motion was not predicated thereon. Should the Court prefer to consider the issues *sub judice* through the lens of Section 543 (which is unnecessary under the circumstances because the Receiver was appointed in connection with a domestic support obligation that is excepted from the automatic stay and that is payable through non-debtor property), the Receiver will be happy to provide briefing on that issue and reserves all rights with respect thereto.

Second, the Debtors seek to limit the scope of any comfort order that the Court may be inclined to grant the Receiver but do not provide any indication as to what such narrowly tailored order might look like. Instead, the Debtors assert only (1) that "the matrimonial action . . . should not be used as a substitute for this court's determination of what is property of the estate," and (2) that "[t]he Receiver should not be permitted to use this 'comfort order' as a back door means to take full control of this case and to cede all considerations regarding avoidance." Such statements, however, provide no meaningful guidance as to

what the Debtors want and serve only to confuse the issues before the Court. Indeed, and inconsistently, the Debtors preface their discussion of these issues by characterizing the Receiver's request as "innocuous" and by conceding that the relief requested by the Receiver should "of course" be granted. In fact, and even more problematical, counsel for Catherine Cora filed a suggestion of bankruptcy in the California State Court Action that stayed the State Court Marital Dissolution Action and then represented to the California State Court that such proceedings were subject to the automatic stay. Here, however, that tune has changed and the Debtors' current assessment is that such proceedings should "of course" proceed.

Third, notwithstanding the fact that the underlying state court domestic support judgment and the assignment order have been affirmed on appeal, the Debtors seem to challenge the jurisdiction of the California State Court to implement and enforce those judgments against Debtor Corlich Enterprises. However, the Debtors never explicitly identify why that is (*e.g.*, whether such affirmed state court order had some defect of personal or subject matter jurisdiction or some other issue that was overlooked by the court of appeals). Further demonstrating that such arguments lack merit, it is important to note that the California State Court explicitly found that Corlich Enterprises and Catherine Cora were alter egos of each other—a finding that was affirmed by the California Appeals Court and that plainly justifies the California State Court's enforcement of Catherine's domestic support obligation from proceeds derived from Corlich Enterprises. If the Debtors had an issue with the California State Court's order they should have raised that challenge on appeal—the bankruptcy court is not the appropriate venue to collaterally attack an order that has been challenged and affirmed by a court of competent jurisdiction.

Fourth, the Debtors erroneously contend that the state court domestic support judgment has been paid and satisfied by comparing the amount listed as owed **at the time the order was entered** without regard for the fact that the California State Court **also** ordered payment of attorneys' fees (amounts which continue to accrue in connection with various frivolous appeals filed by Catherine Cora, Catherine Cora's installation of her then-second spouse Nicole Ehrlich as officer of Corlich and her subsequent divorce therefrom to insulate herself from her domestic support obligations to Jennifer Cora, and the instant bankruptcy litigation) and the court-imposed interest of ten-percent per annum. Indeed, by the Receiver's calculations, Catherine still owes $116,585.62 before the assignment order could be considered satisfied,

4

all notwithstanding Catherine's ongoing monthly domestic support obligations which continue to remain unpaid, and the ongoing daily interest.

Fifth, the Debtors raise several inconsistencies concerning the Debtors' transfer of its assets to Global Chef. On one hand, in the California State Court Action, Catherine Cora swore under penalty of perjury that Corlich's transfer of assets to Global Chef was at arm's length and for fair value. Nonetheless, in their Objection, the Debtors seem to request that the Court provide **them** (including Debtor Catherine Cora) with the opportunity to avoid that sale. To further complicate the matter, the Debtors also seem to rely upon the assets purported to have been assigned to Global Chef to support reorganization.

Likewise, and in the same vein, the Debtors make no mention of the Receiver's state court motion for priority of payment. That is, even if the conveyance to Global Chef was not fraudulent, the Debtors ignore the Receiver's concurrent motion before the California State Court to determine that the State Court Assignment Order is first in time and therefore has priority over the later assignment order to Global Chef. Thus, even if the assignment to Global Chef is not found to be fraudulent, it still falls behind Jennifer Cora's right to receive domestic support as first in time under state law.

Finally, although the Debtors spill substantial ink contending that granting the Receiver relief would elevate the rights of a single creditor over others, the Debtors fail to consider the fact that the Bankruptcy Code explicitly so allows. Consistent with the Bankruptcy Code, the rights of a non-working spouse and children of a marriage to domestic support must be elevated over those of nearly all lower priority creditors. The Bankruptcy Code goes to great lengths to leave undisturbed all domestic support obligations and the Debtors' efforts to frustrate such obligations here should be rejected.

In short, although the Debtors have tried to complicate the instant dispute at every turn, this matter is simple: the Receiver requests only that the Bankruptcy Court leave divorce and domestic support obligation matters to the California State Court. The Debtors' efforts to use this Court and the Bankruptcy Code to collaterally attack a valid and final state court domestic support obligation (a judgment that has been affirmed on state-court appeal no less) is an abuse of the bankruptcy process and must be rejected. Accordingly, and consistent with Sections 105(a), 541, 362(b)(2)(A)(ii), 362(b)(2)(A)(iv), 362(b)(2)(B),

and 362(b)(2)(C) of the Bankruptcy Code, the Court should grant the Receiver's request for entry of a comfort.

Dated: May 27, 2022
Newark, New Jersey                    **SAUL EWING ARNSTEIN & LEHR LLP**

By:  /s/ Stephen Ravin
   _____
   Stephen B. Ravin
   One Riverfront Plaza
   1037 Raymond Blvd., Suite 1520
   Newark, NJ 07102-5426
   Phone: (973) 286-6714
   Fax: (973) 286-6800
   stephen.ravin@saul.com

   -and-

   A. Mayer Kohn
   Centre Square West
   1500 Market Street, 38th Floor
   Philadelphia, PA 19102
   Telephone: (215) 972-7777
   mayer.kohn@saul.com

   *Counsel to State Court Appointed*
   *Receiver Howard Goodman*