MORRISON TENNENBAUM, PLLC
87 Walker Street, Second Floor,
New York, NY 10013
Telephone: (212) 620-0938

*Counsel to Catherine Cora,*
*Corlich Enterprises and Chefs for Humanity*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Corlich Enterprises, | : | Case No.: 22-40801-JMM |
|  | : |  |
| Debtor | : |  |
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| Catherine Cora, | : | Case No.: 22-40802-JMM |
|  | : |  |
| Debtor | : |  |

### JOINT RESPONSE TO ORDER TO SHOW CAUSE

Corlich Enterprises ("Corlich") and Catherine Cora ("Cora" and together with Corlich, the "Debtors"), by and through his undersigned counsel, hereby submits this Response (the "Response") to (i) the Amended Order to Show Cause dated April 11, 2023 against Corlich [Dkt. No. 47] (the "Corlich OSC") and (ii) Amended Order to Show Cause dated April 11, 2023 against Catherine Cora [Dkt. No. 44] (the "Cora OSC" and together with the Corlich OSC, the "OSC") the , and respectfully states:

### RESPONSE

The Court is understandably frustrated with the pace and direction of these chapter 11 cases. The OSC seeks to hold the Debtors solely accountable for the current posture, and in

particular for the perceived inability to even take steps towards a plan of reorganization. The Debtors are equally frustrated; however, these cases remain both procedurally and substantively valid.

Procedurally, these cases remain valid as 11 U.S.C. § 1121(e)(2) does not apply in these cases. Corlich inadvertently amended its petition indicating that it was a small business, however, Corlich does not meet the statutory definition. Pursuant to Section 101(51D), a Small Business Debtor is "a person engaged in commercial or business activities . . . ." The touchstone of this definition is that the debtor be "engaged in" commercial or business activity at the time of the Petition. See, e.g., In re Thurmon, 625 B.R. 417 (Bankr. D. Mo. 2020) (holding that debtor that was previously engaged in business but that at the time the Peition was filed was a mere shell was not a small business debtor because it was not engaged in business at the time the petition was filed).

Here, Corlich was not engaged in any business activity at the time it filed its petition. Corlich had no current operations and no assets other than one revenue stream that was subverted by a pre-petition Receiver, which was one of the drivers for why this case was commenced. Corlich cannot be held to the standards of a small business debtor as it was not and is not currently engaged in business, and therefore section 1121(e) is not applicable to these cases.

In respect of both Corlich and Cora the Court has also expressed concern regarding the ability to propose and confirm a plan of reorganization generally. It is neither Debtor's intention that these cases remain indefinitely. There is, however, a substantive question regarding the entitlement to revenue streams that stand as the gating issue for the proposal of a feasible plan. The Receiver raised these issues in its motion for stay relief and Corlich has renewed the debate through its motion for turnover. The question of who owns these revenue streams will bear

directly on the plan of reorganization, and to propose a plan while this issue remains undetermined is putting the proverbial cart before the horse.

These cases stalled while the parties attempted to mediate this dispute. The mediation lead to a mediator's proposal that was accepted by the Debtor, but not by the other parties to the mediation. The parties' inability to reach consensus about the use of the very funds necessary to propose a meaningful plan underscores the need for chapter 11 relief here. In the absence of a clear ruling regarding those funds, creditor recoveries are assuredly in jeopardy.

Indeed, dismissal of these cases will likely lead to all creditors, and the Debtors' principal, receiving nothing on account of a significant source of recovery that is available for all parties. In the event that these cases are dismissed, the Receiver will distribute Corlich's funds to Jennifer Cora and itself, and the balance of Corlich's creditors – who were not part of any divorce proceeding – will not receive any recovery. Moreover, the distribution scheme in the Bankruptcy Code, which protects all creditors, would be completely ignored thereby ensuring that monies that could go to the benefit of all creditors will be captured and sent to one creditor and those parties who have worked to divert the Debtors' resources.

The Debtors want to bring these cases to a timely resolution for the benefit of all creditors, and not for the benefit of just one. The Debtors respectfully suggest that dismissal at this time, when there is the potential for a ready source of funds to support a plan and that there is pending litigation before this court that will resolve issues with ownership of that source of funds, is premature. The Debtor believes that all parties are protected by resolving questions about the ownership of the funds held by the Receiver and then the confirmation of a comprehensive plan that distributes those funds in a manner fair for all parties in interest.

Resolution of the two pending motions that deal with the funds presently with the Receiver will pave the way to a clear end for these cases that benefits all parties.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that the Court continue these cases and proceed to a resolution on the pending motions.

Dated: April 27, 2023
      New York, New York

                            MORRISON TENENBAUM PLLC


                          By: /s/ Lawrence F. Morrison

                          Lawrence F Morrison

                          87 Walker Street, Second Floor,
                          New York, NY 10013
                          Telephone: (212) 620-0938

                          *Counsel to Catherine Cora, Corlich Enterprises and Chefs for Humanity*